UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JAMES MURPHY | CIVIL ACTION NO. 06-1196 |
| VS. | SECTION P |
| ROBERT CANFIELD, ET AL. | MAGISTRATE JUDGE HAYES |
| | JUDGE JAMES |

REPORT AND RECOMMENDATION

Before the court is a civil rights (42 U.S.C. §1983) complaint filed *in forma pauperis* on July 13, 2006, by *pro se* plaintiff James Murphy. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the East Carroll Detention Center, Lake Providence, Louisiana; however, when he filed his complaint he was incarcerated at the Union Parish Jail, Farmerville, Louisiana. Plaintiff claims to be a co-owner of real property somewhere in Louisiana. He claims that the property was sold without his consent and he prays to be compensated for a portion of the royalties derived from the sale of timber from this property. He names Robert Canfield and J.C. Canfield, residents of Marion[1], Louisiana, the defendants. He claims that the Canfields were his co-heirs to the real property and either sold the property or the timber on the property without plaintiff's consent.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that this complaint be **DENIED** and **DISMISSED WITH**

---

[1] See doc. 5, which provides defendants' addresses.

1

**PREJUDICE** as frivolous.

### *Statement of the Case*

Plaintiff filed his complaint on the form supplied to prisoners for the filing of civil rights complaints in this District. As shown above, he claims that he and the defendants were co-heirs and thus co-owners of certain real property apparently located somewhere in Louisiana. He claims that the defendants sold the property or timber off the property without his consent. He claims that he filed a concursus proceeding and a petition for writ of mandamus in Louisiana's Third Judicial District Court; however, he does not allege the results of those proceedings.

In a Motion for Leave to Proceed in Summons filed on October 23, 2006, plaintiff implies that he is proceeding pursuant to 42 U.S.C. §1983. [doc. 6-1]

Plaintiff prays for compensatory damages and requests the appointment of counsel. [doc. 1-1, paragraph V]

### *Law and Analysis*

**1. Appointment of Counsel**

Plaintiff seeks court-appointed counsel to assist him in the prosecution of his civil rights case filed pursuant to 42 U.S.C. §1983. Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983. "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d. 405 (5th Cir. 1985). Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff.

In the case of *Mallard v. United States District Court for the Southern District*, 490 U.S.

296, 301-302, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989) the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." See *Ulmer v. Chancellor*, 691 F.2d. 209, 212 (5th Cir. 1982) and *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." See *Parker v. Carpenter*, 978 F.2d. 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d. at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242.

Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on his own behalf. *See Jackson*, 864 F.2d. at 1242; *Ulmer*, 691 F.2d. at 213. Plaintiff is not excused from trying to procure counsel for himself. As is shown hereinafter, plaintiff's claims are manifestly frivolous and therefore, the appointment of counsel would serve no useful purpose.

Accordingly, plaintiff's request for appointment of counsel should be denied at the present time as the allegations contained in the complaint and plaintiff's motion do not demonstrate "exceptional circumstances" which would warrant the appointment of counsel.

## 2. State Actor

When a prisoner is permitted to file suit *in forma pauperis*, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). In addition, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim

if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

While *pro se* pleadings are construed liberally, a *pro se* plaintiff still bears the burden "to plead specific facts and proper jurisdiction, pursuant to Rule 8 of the Federal Rules of Civil Procedure." *Martin v. United States Post Office*, 752 F.Supp. 213, 218 (N.D.Tex.1990). It does not appear that the jurisdiction of the federal courts has been properly invoked; the complaint alleges neither federal question jurisdiction nor jurisdiction founded upon diversity of citizenship.

To the extent that plaintiff's complaint arises under 42 U.S.C. § 1983, it clearly fails to state a claim for which relief may be granted. "In order to recover under § 1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978). In order to prove the deprivation of a right protected by the Due Process Clause of the Fourteenth Amendment, a plaintiff must prove state action. *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir.1995). In § 1983 actions alleging the deprivation of due process rights, the Fourteenth Amendment's 'state action' requirement and § 1983's 'under color of state law' requirement collapse into a single inquiry. *Id.*" *Landry v. A-Able Bonding, Inc.*, 75 F.3d 200, 203 (5th Cir. 1996).

The plaintiff may satisfy the "under color of state law" requirement by proving that the conduct causing the deprivation is "fairly attributable to the State" which means proof (1) that the deprivation was caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged

with the deprivation may be fairly described as a state actor. *Landry v. A-Able Bonding, Inc.*, *supra*, at 203-04 (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Plaintiff has not alleged that he was deprived of property without due process by state action or by state actors.  In short, to the extent that plaintiff's complaint purports to arise under the provisions of 42 U.S.C. §1983, it clearly fails to state a claim for which relief may be granted and is frivolous.[2]

Accordingly,

Plaintiff's Request or Motion for Appointment of Counsel is **DENIED.**

Further,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See**

---

[2] Clearly plaintiff has not, nor can he allege federal question jurisdiction; nor has he establish diversity jurisdiction. Plaintiff cannot claim that this court has jurisdiction by virtue of the provisions of 28 U.S.C. §1332 because it appears that he and the defendants are residents of Louisiana.

*Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

  **THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 15th day of June, 2007.

             _____
             KAREN L. HAYES
             U. S. MAGISTRATE JUDGE